**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

─────────────────────────────────────────────

HARVEY LEE BROWN,

                Petitioner,

  v.                                                             Case No. 11-CV-145

WARDEN JAMES SCHWOCHERT,

                Respondent.

─────────────────────────────────────────────

# ORDER

On February 7, 2011, petitioner Harvey Lee Brown ("Brown"), who is serving a state sentence at Dodge Correctional Institute, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). On March 29, 2011, as part of its initial Rule 4 screening, the court found Brown's petition was untimely and ordered petitioner to show cause why he is entitled to equitable tolling of the federal habeas one-year statute of limitations. (Docket #5). Brown responded on April 12, 2011. (Docket #6). With the benefit of Brown's response, the court will now consider whether petitioner is entitled to equitable tolling.

The timeliness provision in the federal habeas corpus statute is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2554 (2010). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The

diligence required for equitable tolling is reasonable diligence. *Holland*, 130 S.Ct. at 2565.

Petitioner does not dispute that his petition is untimely. However, he appears to argue the limitations period should be equitably tolled due to the complex nature of the tolling provisions under § 2244(d) of the Antiterrorism and Effective Death Penalty Act and his misunderstanding of these provisions, combined with the fact that he was misled by the prison law clerk, that Brown filed his petition *pro se,* and that Brown has been incarcerated, with limited access to the law library. Furthermore, Brown argues he has diligently pursued his rights.

Though Brown may have pursued his rights with reasonable diligence, Brown's circumstances are not sufficiently extraordinary as to justify tolling in this case. The Seventh Circuit has repeatedly held that "mistakes of law and ignorance of proper legal procedures are not sufficiently extraordinary to warrant tolling." *Johnson v. Chandler*, 224 Fed.Appx. 515, 520 (7th Cir. 2007) (citing *Arrieta v. Battaglia,* 461 F.3d 861, 867 (7th Cir. 2006) and *Williams v. Sims,* 390 F.3d 958, 963 (7th Cir. 2004)). This is so even for *pro se* litigants. *United States ex rel. Freeman v. Page*, 1998 WL 171822, at *3 (N.D.Ill.1998) (finding petitioner's status as a *pro se* litigant did not exempt him from compliance with the relevant rules of procedural and substantive law, such as the requirement of timely filing). Therefore, Brown's confusion over the application of the statutory tolling provisions and the fact that his untimely petition for state post-conviction relief did not toll the federal habeas statute of limitations is of no matter. Moreover, Brown's incarceration and his limited access

to the prison law library do not entitle him to equitable tolling. Brown was not denied total access to the library. Indeed, he states the library was open one evening per week. Again, courts in this circuit have consistently held that a prisoner's incarceration and his limited access to legal materials are not extraordinary circumstances warranting equitable tolling. *Chandler*, 224 Fed.Appx. at 520 (citing *Johnson v. McCaughtry,* 265 F.3d 559, 566 (7th Cir. 2001)); *see Posada v. Schomig*, 64 F.Supp.2d 790, 796 (C.D.Ill. 1999) (holding that the fact that a prisoner was sometimes unable to access the law library, was not an extraordinary circumstance that justified equitable tolling); *see also United States ex rel. Lacey v. Gilmore*, 1998 WL 397842, at *3 (N.D.Ill. 1998) (finding that denial of access to the law library for limited periods of time did not excuse late filing of habeas petition). In addition, Brown's claim that he was misled by the prison law clerk does not establish extraordinary circumstances. *See Posada*, 64 F.Supp.2d at 796. Accordingly, the court finds Brown is not entitled to equitable tolling of the federal habeas statute of limitations. As such, Brown's petition is untimely and, thus, it must be dismissed.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present matter. As a consequence, the court must deny a certificate of appealability as to the petitioner's petition.

Accordingly,

**IT IS ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner be and the same is hereby **DENIED** a Certificate of Appealability; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge